IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED
APR 17 2009
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| CIPRIANO BELLO-CASTANEDA, Defendant, | § § § | |
| v. | § § | CIVIL NO. B-08-CV-78 (CRIM. NO. B-07-CR-248) |
| UNITED STATES OF AMERICA, Plaintiff. | § § § | |

## MEMORANDUM OPINION AND ORDER

On February 19, 2008, Defendant Cipriano Bello-Castaneda ("Defendant") filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to Title 28 U.S.C.A. § 2255. (Doc. No. 1). On January 13, 2009, the United States of America ("the Government") filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. (Doc. No. 5).

Having considered Defendant's request for habeas relief and the Government's Motion to Dismiss, the Court hereby **GRANTS** the Motion to Dismiss (Doc. No. 5) and **DISMISSES** Defendant's Motion to Vacate (Doc. No. 1) **WITH PREJUDICE**.

### Background

On April 3, 2007, Defendant was charged in a one-count indictment filed in the United States District Court for the Southern District of Texas, Brownsville Division, with illegal reentry after having been convicted of an aggravated felony in violation of 18 U.S.C. § 1326(a) and (b). (Doc. No. 6 of 1:07-cr-248). On April 18, 2007, Defendant pleaded guilty to the indictment (Doc. No. 12 of 1:07-cr-248) pursuant to a written plea agreement (Doc. No. 14 of 1:07-cr-248). On July 24, 2007, the Court sentenced Defendant to 48 months in prison, followed by three years of supervised release. (Doc. No. 23 of 1:07-cr-248). This judgment was signed on August 14, 2007. (*Id.*).

Defendant appealed neither his conviction nor his sentence.

## Discussion

Defendant filed a Motion to Vacate, Modify or Correct his sentence pursuant to 28 U.S.C. § 2255 on February 19, 2008, asserting that: (i) his counsel failed to argue at sentencing that the court could impose a sentence lower than the recommended Guideline range (Doc. No. 1 at 3); (ii) his counsel failed to submit "mitigating factors" (*id.* at 3–4, 9); (iii) the Court improperly attributed criminal-history points to the prior felony supporting the 16-level enhancement, resulting in "double counting" (*id.* at 4–5, 9, 13); (iv) his counsel was ineffective for failing to seek "Fast Track" consideration (*id.* at 6–7); and (v) the sentence was unreasonable because the Court did not take into consideration Defendant's age, health, and the overstatement of his criminal history (*id.* at 10).

### I.   Waiver

The Government asserts that the defendant waived his right to collaterally attack his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 5 at 7). To determine whether collateral attack of a sentence is barred by a waiver provision in a plea agreement, federal courts conduct a two-step inquiry: (1) whether the waiver was knowing and voluntary; and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement. *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). If the record of a Rule 11 hearing "clearly indicates that a defendant has read and understands his plea agreement . . . the defendant will be held to the bargain to which he agreed." *United States v. Portillo*, 18 F.3d 290, 293 (5th Cir. 1994). The court is to give "great weight to the defendant's statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002). A defendant's declarations under oath before the court regarding the voluntariness of a waiver of the right to collaterally attack a sentence under § 2255 carry a "strong

presumption of verity." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)). Where the record clearly indicates that a defendant understood his plea agreement and the defendant raises no objections regarding the waiver provisions, the defendant should be "held to the bargain to which he agreed." *Portillo*, 18 F.3d at 293.

In his plea agreement, dated April 18, 2007, Defendant waived his right to appeal and to file a § 2255 motion. (Doc. No. 14 of 1:07-cr-248). Section 10 of the plea agreement states:

> Defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant waives the right to appeal the sentence imposed or the manner in which it was determined **on any grounds set forth in Title 18 U.S.C. § 3742.** Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding, **including but not limited to Title 28, U.S.C. §§ 1651 and 2255**.

(*Id.* at ¶ 10) (emphasis in original). Defendant certified that he had consulted with his counsel and that he fully understood all of his rights with respect to the charges pending against him. (*Id.* at p. 8). Defendant also certified that he had consulted with his attorney and fully understood his rights with respect to the provisions of the United States Sentencing Guidelines that may apply to him. (*Id.*). He then certified that he had read the plea agreement and carefully reviewed every part of it with his attorney. (*Id.*). Defendant signed the plea agreement and certified that he understood the agreement and voluntarily agreed to it. (*Id.*). Defendant's counsel also certified that she had explained to the defendant his rights with respect to the indictment and the Sentencing Guidelines, and carefully reviewed the plea agreement with the defendant. (*Id.*). Counsel further certified that, to her knowledge, the defendant's decision to enter into the plea agreement was an informed and

voluntary decision. (*Id.*).

At his re-arraignment, held before Judge John William Black, Defendant confirmed that he had had the opportunity to go over the indictment with his counsel and that he understood the charges against him. Defendant confirmed that he understood exactly what the agreement contained when he signed it. Defendant also stated that he understood that in his plea agreement he had agreed to waive the right to collaterally attack his sentence under 28 U.S.C. §§ 1651 and 2255. (*See* Transcript of Re-arraignment as to Cipriano Bello-Castaneda, April 18, 2007).

Defendant knowingly and voluntarily waived the right to collaterally attack his sentence pursuant to § 2255. A waiver of the right to collaterally attack a sentence under § 2255 does not preclude the defendant from bringing a claim of ineffective assistance of counsel, if the challenged assistance of counsel "directly affected the validity of that waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). Defendant does not allege ineffective assistance of counsel with regard to his entering the plea agreement. Thus, the Court finds that Defendant has waived his right to the instant motion, and the Court is therefore authorized to dismiss the motion on that ground alone. Nonetheless, out of an abundance of caution, the Court will consider the merits of Defendant's claims.

## II. <u>Ineffective Assistance of Counsel</u>

Defendant is *pro se* in this matter. *Pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

An ineffective assistance of counsel allegation in a § 2255 motion is analyzed under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Willis*, 273

F.3d 592, 598 (5th Cir. 2001). To prevail under this test, Defendant must show that his counsel's performance was both deficient and prejudicial. *Id.* To show deficience, Defendant must demonstrate that counsel's performance was outside the broad range of what is considered reasonable assistance; to show prejudice, Defendant must show that this deficient performance led to a "fundamentally unfair" and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474 (5th Cir. 2001). If Defendant fails to prove one prong, the Court need not analyze the other. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994).

Ground 1: *Counsel failed to argue for a sentence below the Guideline range*

Defendant contends that his counsel failed to urge a sentence "below the advisory guideline sentence." (Doc. No. 1 at 3). In fact, the sentencing court sentenced Defendant to 48 months confinement, nine months below the initial Guideline range of 57–71 months. (Doc. No. 24 at 1–3 of 1:07-cr-248). Thus, Defendant's counsel cannot have been ineffective on this point.

Ground 2: *Counsel failed to submit available mitigating factors*

Defendant alleges that his counsel "also fail[ed] to submit all mitigating factors under the record." (Doc. No. 1 at 3). Defendant does not cite any examples of such mitigating factors. Mere conclusory allegations do not raise a constitutional issue in a habeas proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). Further, Defendant's counsel did object to the original 16-level enhancement, arguing that the statute of conviction was unconstitutional. (*See* Doc. No. 20 at 1A of 1:07-cr-248). Defendant has not shown that counsel's performance fell below objective standards of reasonableness on this issue.

Ground 3: *Counsel should have objected to "double counting"*

Defendant contends that U.S.S.G. § 2L1.2 "essentially 'double counts' criminal history," and

so his counsel should have objected to its application by the sentencing judge. Defendant cites *United States v. Henry*, 288 F.3d 657 (5th Cir. 2002) for the proposition that the Court should not have included in the criminal-history calculation the felony drug convictions in PSR ¶ 28 because these convictions were "conduct that was part of the offense of conviction." (Doc. No. 1 at 4).

Defendant's reliance on *Henry* is misplaced. In *Henry*, the Court held to be plain error the district court's inclusion of two points in the defendant's criminal history calculation for a prior one-year sentence for criminal trespass that was imposed upon an adjudication of guilt *for the same conduct at issue in the instant federal offense. See Henry*, 288 F.3d at 665. In this case, the district court included points in Defendant's criminal history for prior drug offenses, failure to appear, and endangering the welfare of a minor, none of which conduct concerned the illegal-reentry conviction at issue in the instant case. (*See PSR* ¶ 28). *Henry* is thus inapplicable, and Defendant's counsel was not ineffective for failing to raise this point. *See Smith v. Puckett*, 907 F.2d 581, 585 n.6 (5th Cir. 1990) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim.").

Ground 4: *Counsel failed to urge "Fast Track" consideration*

Defendant contends that his counsel was ineffective for failing to ask the sentencing court for a downward departure based on the "Fast Track Program." (Doc. No. 1 at 7). In fact, Defendant did receive a two-point downward adjustment under the "Fast Track" provision. (Doc. No. 24 at 2 of 1:07-cr-248). One need only look at the judgment in this case to verify this fact. Thus, counsel cannot have been ineffective on this point.

Finally, Defendant contends that his sentence was unreasonable because the sentencing court, applying the factors under 18 U.S.C. § 3553(a), did not take into consideration his age, health, and

the overstatement of his criminal history. (Doc. No. 1 at 10). As discussed, the Court's sentence was nine months below the low end of the original Guideline range. This, combined with a presumption that the sentencing judge considered all of the § 3553(a) factors, see *United States v. Candia*, 454 F.3d 468, 473 (5th Cir. 2006), which the Court in fact did, renders Defendant's argument unavailing. Indeed, the sentence of 48 months is indicative of the fact that the Court considered all factors. That sentence, while giving Defendant the benefit of his fast-track plea (i.e., two levels off of the original offense level of 21), still reflected consideration of the various sentencing factors. It is clear that the Court did not assess a mid-range sentence, as recommended by the probation officer, and instead sentenced the defendant near the low end.

For these reasons, the Court hereby **GRANTS** the Government's Motion to Dismiss/Motion for Summary Judgment (Doc. No. 5), **DISMISSES** Defendant's Petition **With Prejudice** (Doc. No. 1), and **DENIES** Petitioner's request for a Court appointed attorney (Doc. No. 1). Further, this Court finds no reason to grant a Certificate of Appealability and hereby **DENIES** the same.[1]

Signed this 17th day of April, 2009.

Andrew S. Hanen
United States District Judge

---

[1] Although Petitioner has not yet filed a notice of appeal, this Court may rule *sua sponte* on a Certificate of Appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (noting that 28 U.S.C. § 2253 does not require a petitioner to first move for a Certificate of Appealability).